NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar Number 13644
KEVIN D. SCHIFF
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
PHONE (702) 388-6336
FAX (702) 388-5087
Kevin.Schiff@usdoj.gov
*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:19-cr-00133-APG-VCF |
| Plaintiff, | **Complex-Case Schedule** |
| vs. | |
| MIRIAM ELIZABETH SUAREZ-CONTRERAS (1), aka "Ella" aka "Liz" | |
| RAMIRO RAMIREZ-BARAJAS (2), aka "Sergio" | |
| ROBERTO BLANCAS-MATA (3), aka "Carlos Delgado" | |
| RAHDSMA HENDERSON (4), aka "Weezy" | |
| STEPHEN LLOYD (5), | |
| CHARLES PARR (6), aka "Charles Magnuson" | |
| DOUG STUMPF (7), | |
| BRIAN SCARBOROUGH (8), | |

| | |
|---|---|
| 1 | RENEA BARNES (9), aka "Renea Valdez" |
| 2 | |
| 3 | QUENTIN ARMSTRONG (10), |
| 4 | CIPRIANO PINEDA-ACEDO (11), |
| 5 | JOSE GUILLERMO TELLO-ALBARRAN (12), and |
| 6 | MARTHA PEDRAZA-ZAMORA (13), |
| 7 | Defendants. |

Pursuant to Local Rule 16-1, the United States of America by and Nicholas Trutanich, United States Attorney, Kevin Schiff, Assistant United States and Attorney, and undersigned counsel for each specific Defendant, submit this Proposed Complex Case Schedule.

This matter was designated complex by the Court on May 23, 2019. The parties have conferred, and continue to confer per Local Rule (LCR) 16-1(a)(2).

**I. Provisions Under Local Rule 16-1**

**A.  LCR 16-1(a)(2)(A): Scope of Discovery**

The Government will provide or will permit all defendant to inspect, copy, or photograph:

1. All statements, documents, and objects, including audio or video recordings, required to be disclosed under Rules 16(a)(1)(A)-(F), Federal Rules of Criminal Procedure.

2. Any investigative reports describing facts relating to charges in the indictment and any audio or video recordings which relate to the charges in the indictment subject to applicable work-product protections, law enforcement privileges, or protective orders.

3. All search warrants and supporting affidavits, which relate to evidence that may be offered at trial.

4. The Government will provide expert disclosures as required under Rule 16(a)(1)(G), Federal Rules of Criminal Procedure.

5. The Government is not required to disclose *Jencks* material until after the government witness testifies on direct examination. 18 U.S.C. § 3500(b). Nonetheless, in the interest of efficiency, the United States will consent to disclose Jencks materials no later than 14 days before trial, except: (1) with permission of the Court, for good cause shown; and (2) with the caveat that the United States does not consent to any remedy for any violation of the 14 day disclosure deadline that would preclude it from calling a witness at trial (that is, it reserves the right to argue to the Court that exclusion of the witness is not a proper remedy).

As of the date of this filing the only *Jencks* material the Government is aware of which will not be provided in Phase 1 and Phase 2 of discovery as described below is testimony before the Grand Jury.

6. The Government shall provide exculpatory evidence pursuant to *Brady* and its progeny promptly as the Government becomes aware of such information.

7. The Government shall provide impeachment and similar material pursuant to *Giglio* promptly as the Government become aware of such information.

8. Information as to any Government Informant and/or Cooperator in the sections immediately preceding this section shall be disclosed as described in Phase 4 below.

9. The Government is requesting reciprocal discovery under Rule 16(b). The defendant's Rule 16 disclosures shall be made as soon as practical after they have received Phase 1 and Phase 2 of discovery from the Government as described below, or in any event at least 45 days prior to a firm trial date to allow for sufficient trial preparation.

**B.    LCR 16-1(a)(2)(B): Phases of Discovery**

The Government submits there will be four phases of discovery:

**Phase 1**.

The defendants will provide digital storage devices to the Government, and the Government will copy onto to those device(s) all statements, documents, and objects, including audio and video recordings, required to be disclosed under Rule 16(a)(1)(A-F), Fed.R.Crim.P), as well as investigative reports describing facts relating to charges in the indictment and any audio or video recordings which relate to the charges in the indictment subject to applicable work-product protections, law enforcement privileges, or protective orders.

This phase will begin immediately, and will be substantially, if not completely, done before July 1, 2019.

**Phase 2.**

The Government will move to unseal all legal process involved in the investigation of this matter, to include but not limited to any Title III applications, supporting documentation to those applications, and executed search warrants.

The Government will make all such motions prior to June 14, 2019, and will disclose to the defendants all such legal process once the Court has ordered them unsealed. If possible, the legal process will be included in discovery Phase 1.

**Phase 3.**

After completions of Phases 1 and 2, the parties shall confer as necessary to address any outstanding discovery issues, and shall attempt to resolve any outstanding issues prior to involving the Court.

**Phase 4.**

The Government will provide all necessary discovery as to any percipient Government Informant and/or Cooperator who will testify at trial.

This information will be provided seven (7) days prior to any firm trial date.[1]

**C.    LCR 16-1(a)(2)(C): Discovery Issues**

**1. Rule 16(d)(1). Fed.R.Crim.P.**

At the completion of Phase 1 and 2 of Discovery, the Government will make any motion(s) under Rule 16.1(d). Fed.R.Crim.P. As of this filing the Government intends to make two such motions:

a.    Motion for protective order regulating discovery concerning any Government informant and/or cooperator.

b.    Ex-Parte motion to Court to inspect any discovery the Government desires to have denied or restricted from the defendants.

**2. Outstanding Defendants.**

As of the filing of this document, there are five named defendants in the Indictment who have not yet made an appearance before this Court. As these appearances are made the Government will make them and their respective counsel aware of this case schedule, and provide them the discovery as described herein.

---

[1] This provision does not prevent any defendant from making any necessary motion(s) for such information prior to seven days before trial should defense counsel deem it necessary, or have any objection(s) to any provisions in the protective order to be requested by the Government.

**D.     LCR 16-1(a)(2)(D): Proposed Dates for Trial and Pre-Trial Motions**

Through conference, the parties intend to file forthwith a separate stipulation to continue the current trial at least 90 days. This stipulation will also address any pre-trial motion deadlines.

**E.     LCR 16-1(a)(2)(E): Stipulations Under 18 U.S.C. § 3161**

See Section D above.

**F.     LCR 16-1(a)(2)(F): Electronic Exchange of Documents**

The defendants will provide the Government with a digital storage drive, which the Government will copy the above described discovery onto, and return to the defendants for inspection.

DATED this 5th day of June, 2019.

NICHOLAS A. TRUTANICH
United States Attorney

/s/ *Kevin Schiff* .
Kevin D. Schiff
Assistant United States Attorney

For Defendant Blancas-Mata (3)                For Defendant Henderson (4)

/s/ *Chris Rasmussen*                              /s/ *Paola Armeni*
Chris T. Rassmussen, Esq.                         Paola Armeni, Esq.

For Defendant Lloyd (5)

For Defendant Lloyd (5)

/s/ *Brian Smith*
Brian Smith, Esq.

For Defendant Stumpf (7)                         For Defendant Scarborough (8)

/s/ *Todd Leventhal*                                /s/ *Benjamin Durham*
Todd M. Leventhal, Esq.                           Benjamin Durham, Esq.

*///*

6

| For Defendant Barnes (9) | For Defendant Armstrong (10) |
|---|---|
| /s/ *Mace Yampolsky*<br>Mace J. Yampolsky, Esq. | /s/ *James Ornoz*<br>James A. Oronoz, Esq. |

For Defendant Tello-Albarran (12)

/s/ *Rebecca A. Levy*
Rebecca A. Levy, AFPD.

    IT IS FURTHER ORDERED that the Motion to Unseal Legal Process (ECF NO. 86) is GRANTED.

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE
DATED: 6-7-2019